Slip Op. 14- 56

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                          :
BLINK DESIGN, INC.,                       :
                                          :
          Plaintiff,                      :        Court No. 14-00032
                                          :        Before:  Mark A. Barnett, Judge
               v.                         :
                                          :
UNITED STATES,                            :
                                          :
          Defendant.                      :
_____         :

## OPINION & ORDER

[The court denies Defendant's motion to dismiss for lack of subject matter jurisdiction; denies Plaintiff's motion for a preliminary injunction; denies Plaintiff's order to show cause why an expedited litigation schedule should not be issued as moot; denies Plaintiff's motion for oral argument as moot; denies Defendant's motion to strike as moot; and stays this action pending Plaintiff's election of remedies pursuant to the Notices of Seizure and any proceedings resulting from that election.]

Dated:  May 21, 2014

*John M. Peterson*, *Richard F. O'Neill*, and *Elyssa R. Emsellem*, Neville Peterson, LLP, of New York, NY, for Plaintiff.

*Jason M. Kenner* and *Alexander J. Vanderweide*, Commercial Litigation Branch – Civil Division, U.S. Department of Justice, of New York, NY, for Defendant.  With them on the brief were *Stuart F. Delery*, Assistant Attorney General, and *Amy M. Rubin*, Acting Assistant Director.  Of counsel on the brief was *Paul Smith*, Office of the Assistant Chief Counsel, United States Customs and Border Protection of New York, NY.

Barnett, Judge:  Defendant, United States, moves to dismiss this case,

pursuant to USCIT Rule 12(b)(1)  for lack of subject matter jurisdiction or, in the

alternative, pursuant to USCIT Rule 12(b)(5) for failure to state a claim upon which relief

can be granted.  (*See generally* Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mot.").)

Plaintiff, Blink Design, Inc. ("Blink"), opposes the motion.  (*See generally* Mem. P.&A.

Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n").)  For the reasons stated below, the court finds

that it lacks subject matter jurisdiction over Plaintiff's claims to the extent that they

challenge the seizure of its merchandise and orders this action stayed.  Plaintiff has

also moved for a preliminary injunction and, for reasons discussed below, that motion is

denied.

### BACKGROUND AND PROCEDURAL HISTORY

In November 2013, Plaintiff sought to import certain wearing apparel into

the United States under cover of eight consumption entries filed at the Port of Los

Angeles/Long Beach, California.[1]  (Compl. ¶¶ 5, 12.)  Upon examination of the entries

by the Bureau of Customs and Border Protection ("Customs"), Customs inspectors

determined that the quantities of garments in the containers for each of the eight entries

exceeded those reported on their accompanying commercial invoices and packing lists.

While the overage varied somewhat for each entry, overall, the actual quantity

attempted to be entered was more than double the declared quantity.  Customs

subsequently detained the entries.  (Compl. ¶ 16; Pl.'s Mot. Expedite Ex. B, ECF No. 8.)

After receiving notice of the detentions, (Pl.'s Opp'n Am. Ex. 3, ECF No. 32), Plaintiff

directed the exporter of the merchandise to prepare and forward to it corrected invoices.

---

[1] The entry numbers are 682-2164003-7, 682-2164001-1, 682-2164002-9, 682-2164004-5, 682-2163998-9, 682-2164100-1, 682-2164099-5, and 682-2163970-8. (Compl. ¶ 12.)

(Compl. ¶¶ 17-18.)  Upon receiving the corrected invoices, Plaintiff attempted to file Port

of Entry Amendments ("PEAs") with Customs and asked that Customs release the

merchandise.  (Compl. ¶ 19.)  Plaintiff tendered the requisite additional estimated duties

based on the quantities and values in the PEAs, and filed prior disclosures with

Customs, indicating that incorrect values and quantities had been reported on the

entries.  (Compl. ¶¶ 19-20.)  Customs did not release the merchandise and returned the

PEAs.  (Compl. ¶ 21.)

        A contested number of the entries were deemed excluded from entry,

pursuant to 19 U.S.C. § 1499(c)(5)(A), on various dates in December 2013 and January

2014.[2] *See infra.*  On December 30, 2013, Plaintiff filed a protest with Customs to

challenge the deemed exclusions.  (Compl. ¶ 24.)  Customs seized the entries between

December 6, 2013 and January 2, 2014, pursuant to 19 U.S.C. § 1595a(a) and

(c)(1)(A), and issued Notices of Seizure to the Plaintiff between December 20, 2013 and

January 16, 2014.[3]  (Compl. ¶¶ 26-27; Pl.'s Mot. Expedite Ex. B.)  The Notices of

Seizure stated that the declared quantities in the seized entries "were used to facilitate

the importation of the wearing apparel . . . that was attempted to be clandestinely

introduced" into the country (i.e., the undeclared quantities), in violation of 19 U.S.C.

_____

        [2] The parties dispute the dates on which the entries were deemed excluded and,
in some cases, whether the entries were deemed excluded at all.

        [3] Section 1595a(c) states, in relevant part, that "[m]erchandise which is
introduced or attempted to be introduced into the United States contrary to law shall be
treated as follows: (1) The merchandise shall be seized and forfeited if it-- (A) is . . .
clandestinely imported or introduced."  19 U.S.C. § 1595a(c).

§§ 1481, 1484, and 1485.[4]  (Compl. ¶¶ 26-27; Pl.'s Mot. Expedite Ex. B.)  Customs

denied Plaintiff's protest on January 15, 2014, citing the seizure of the entries as the

basis for its denial.  (Compl. ¶ 25.)

On January 28, 2014, Plaintiff filed suit in this court to contest Customs'

denial of its protest, invoking 28 U.S.C. § 1581(a) as the basis for the court's subject

matter jurisdiction.  (*See* Summons, ECF No. 1.)  Defendant now moves to dismiss this

case, pursuant to USCIT Rule 12(b)(1)  for lack of subject matter jurisdiction or, in the

alternative, pursuant to USCIT Rule 12(b)(5) for failure to state a claim upon which relief

can be granted.  Defendant argues that Customs seized five of the eight entries at issue

within thirty days of their presentation to Customs for examination.  According to

Defendant, these entries were not deemed excluded, and no protestable event

occurred.  Consequently, Defendant argues this court has no subject matter jurisdiction

over these entries because 28 U.S.C. § 1356 grants exclusive jurisdiction over most

seizures to the district courts. [5]   (Def.'s Mot. 1, 9.)  Defendant further contends that

Customs seized the remaining three entries before Plaintiff filed this action and before

the court's jurisdiction attached to the denied protests.  Therefore, the court has no

subject matter jurisdiction over these additional entries either.  (Def.'s Mot. 1.)

---

[4] These statutes pertain to an importer's obligation to file true and accurate entry
documentation.  *See* 19 U.S.C. §§ 1481, 1484, 1485.

[5] Section 1356 states that "[t]he district courts shall have original jurisdiction,
exclusive of the courts of the States, of any seizure under any law of the United States
on land or upon waters not within admiralty and maritime jurisdiction, except matters
within the jurisdiction of the Court of International Trade under section 1582 of this title."
28 U.S.C. § 1356.

Defendant further urges that the court dismiss the action for failure to state a claim upon

which relief can be granted, because Customs seizure of Plaintiff's entries precludes the

court from providing Plaintiff with the only remedy it seeks:  release of the merchandise.

(Def.'s Mot. 2.)  Plaintiff opposes Defendant's motion in full.  (*See generally* Pl.'s Opp'n.)

## LEGAL STANDARD

A court has "an independent duty" to assure that it has subject matter

jurisdiction over the matters before it.  *Suntec Indus. Co. v. United States*, 37 CIT __,

__, 951 F. Supp. 2d 1341, 1345 (2013) (citation omitted).  When subject matter

jurisdiction is challenged, the plaintiff bears the burden of demonstrating that jurisdiction

exists.  *E & S Express Inc. v. United States*, 37 CIT __, __, 938 F. Supp. 2d 1316, 1320

(2013) (citations omitted) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d

1159, 1163 (Fed. Cir. 2011)).  When reviewing a Rule 12(b)(1) motion, the court sculpts

its approach according to whether the motion "challenges the sufficiency of the

pleadings or controverts the factual allegations made in the pleadings."  *H & H*

*Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691, 437 F. Supp. 2d 1335, 1339

(2006) (citation omitted).  If the motion challenges the sufficiency of the pleadings, the

court assumes that the allegations within the complaint are true.  *Id.* (citation omitted).  If

the motion controverts factual allegations within the complaint, as does Defendant's

motion, "'the allegations in the complaint are not controlling,' and 'are subject to fact-

finding'" by the court.  *Id.* at 691-92, 437 F. Supp. 2d at 1339 (quoting *Cedars-Sinai*

*Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993)).  Moreover, "[w]here, as

here, claims depend upon a waiver of sovereign immunity, a jurisdictional statute is to

be strictly construed." *Celta Agencies, Inc. v. United States*, 36 CIT __, __, 865 F.

Supp. 2d 1348, 1352 (2012) (citing *United States v. Williams*, 514 U.S. 527, 531

(1995)).

**DISCUSSION**

I.     **Whether Entries Were Deemed Excluded**

a.  **Defendant's Contentions**

Defendant asserts that the court lacks subject matter jurisdiction over five

of Plaintiff's entries because Customs seized them before they were deemed excluded.

(Def.'s Mot. 6-9.)  Deemed exclusion is governed by 19 U.S.C. § 1499(c)(5)(A), which

states that "[t]he failure by the Customs Service to make a final determination with

respect to the admissibility of detained merchandise within 30 days after the

merchandise has been presented for customs examination . . . shall be treated as a

decision of the Customs Service to exclude the merchandise."  19 U.S.C.

§ 1499(c)(5)(A).  According to Defendant, Plaintiff improperly calculated this thirty-day

period as beginning on the date of entry of its merchandise, rather than the date when

"the merchandise [was] presented for customs examination."  *Id*.  Defendant claims that

this error has led Plaintiff to mistakenly assert that all of its entries were deemed

excluded.

Defendant notes that § 1499 does not define when merchandise is

presented for customs examination, and Defendant directs the court to Customs

regulation 19 C.F.R. § 151.16(b).  (Def.'s Mot. 6-7.)  The regulation states:

> Decision to detain or release.  Within the 5-day period (excluding
> weekends and holidays) following the date on which merchandise is

> presented for Customs examination, Customs shall decide whether to
> release or detain merchandise.  Merchandise which is not released within
> such 5-day period shall be considered to be detained merchandise.  For
> purposes of this section, merchandise shall be considered to be presented
> for Customs examination when it is in a condition to be viewed and
> examined by a Customs officer.  Mere presentation to the examining
> officer of a cargo van, container or instrument of international traffic in
> which the merchandise to be examined is contained will not be considered
> to be presentation of merchandise for Customs examination for purposes
> of this section.  Except when merchandise is examined at the public
> stores, the importer shall pay all costs relating to the preparation and
> transportation of merchandise for examination.

19 C.F.R. § 151.16(b).  In light of this regulation, Defendant contends that Customs

considers merchandise "presented for examination" when "it is in a condition to be

examined by a Customs official."  (Def.'s Mot. 7 (quotation marks omitted).)  When

Customs requests that merchandise be delivered to a container examination station

("CES") for inspection, as occurred in the present action, Defendant specifies that

"Customs routinely considers the date on which merchandise is presented for

examination as being the date that the last requested container is delivered to the CES,

its contents have been unloaded by the private contractor, and Customs has received

the pertinent documents that it needs to perform the examination."  (Def.'s Mot. 7.)

Turning to the facts of this case, Defendant directs the court to Exhibit 1,

attached to its moving brief,[6] which contains (1) the daily logs of the CES operator,

indicating the date when the relevant containers were unloaded at the CES, and (2)

---

[6] Defendant has attached these same documents to the declaration of David
Dodge, which Defendant has appended to its reply.  (*See generally* Def.'s Reply Pl.'s
Opp'n ("Def.'s Reply") Attach. 1.)

copies of each entry's CF 3461 form, which have stamps indicating the date on which

the containers were unloaded at the CES.[7]  (Def.'s Mot. 7-8 (citing Def.'s Mot. Ex. 1,

ECF No. 25).)  By cross-referencing these documents and the Notices of Seizure, (Pl.'s

Mot. Expedite Ex. B), Defendant contends that the seizures of entries 682-2164003-7,

682-2164002-9, 682-2164004-5, 682-2163998-9, and 682-2163970-8 occurred within

thirty days of their presentation for customs examination.  (Def.'s Mot. 9-8; Def.'s Reply

Pl.'s Opp'n ("Def.'s Reply") 3.)  Defendant contends that these five entries, seized within

thirty days, were not deemed excluded, and suffered no protestable event giving rise to

subject matter jurisdiction under 28 U.S.C. § 1581(a).  On the contrary, for these five

entries, Defendant concludes that Plaintiff's protest amounted to a protest against the

seizures – a subject matter over which this court has no jurisdiction, pursuant to 28

U.S.C. § 1356.  (Def.'s Mot. 9.)

### b.  Plaintiff's Contentions

Plaintiff contests Defendant's explanation of when merchandise is

presented for customs examination and maintains that all of its entries were deemed

_____

[7] In its motion to dismiss, Defendant attached redacted copies of the CES operator's logbooks and relevant CF 3461 entries.  (Def.'s Mot. Ex. 1, ECF No. 25.) Plaintiff objected to these documents in its opposition brief, because they were not accompanied by any affidavit, affirmation, or sworn declaration to sponsor or authenticate them.  (Pl.'s Opp'n 18-20 (citing 28 U.S.C. § 2641 (stating that Federal Rules of Evidence apply to civil actions before court); Fed. R. Evid. 901 (providing rules for authenticating evidence).)  In its reply, Defendant appended the same documents, (Def.'s Reply Ex. 1, ECF No. 31), accompanied by the declaration of David Dodge, a Chief Customs Officer at the Los Angeles/Long Beach Seaport who oversees the Merchandise Enforcement Team and attested to the authenticity of the copies of the records attached to his declaration.  (Def.'s Reply Attach 1.)  The court finds his sworn declaration sufficient to authenticate the documents attached thereto.

excluded before seizure.  (Pl.'s Opp'n 9-21.)  According to Plaintiff, presentation occurs

when a CF 3461 entry document is filed.  (Pl.'s Opp'n 10.)  To support its theory,

Plaintiff also turns to 19 C.F.R. § 151.16(b) and parses the regulation's language.

Plaintiff avers that the phrase, "merchandise shall be considered to be presented for

Customs examination when it is in a condition to be viewed and examined by a

Customs officer," demonstrates that the CF 3461's filing qualifies as the presentation for

customs examination, because the document includes the importer of record, a

description of the merchandise, its quantity, its tariff classification, and "the place where

the merchandise is being held, awaiting Customs' determination of its admissibility."

(Pl.'s Opp'n 11-12.)  Plaintiff asserts that the phrase, "Mere presentation to the

examining officer of a cargo van, container or instrument of international traffic in which

the merchandise to be examined is contained will not be considered to be presentation

of merchandise for Customs examination for purposes of this section," buttresses its

argument, because only the submission of the CF 3461 "provides Customs with the

context from which to determine whether the goods [before it] should be detained or

further inspected."  (Pl.'s Opp'n 15.)  Finally, Plaintiff argues that the sentence, "Except

when merchandise is examined at the public stores, the importer shall pay all costs

relating to the preparation and transportation of merchandise for examination,"

reinforces "that transportation and arrival of the goods at a privately owned CES is an

act which *follows* presentment of the goods for examination."  (Pl.'s Opp'n 16-17.)

Plaintiff reasons that because presentment must occur for all merchandise entering

domestic commerce, and Customs only occasionally examines imported merchandise,

presentment must occur before Customs orders goods to be taken to a CES for

examination, thereby causing the importer to incur costs relating to the preparation and

transportation of the merchandised to be examined.  (Pl.'s Opp'n 17.)  Thus, according

to Plaintiff, presentment occurs with the filing of a CF 3461, commencing the thirty-day

window before a deemed exclusion occurs.  Employing this construction, Plaintiff

reasons that its entries were all deemed excluded prior to seizure.

### c.  Analysis

The court declines to adopt Plaintiff's interpretation of when merchandise

is presented for customs examination.  The rules of statutory construction apply to the

interpretation of statutes and regulations alike.  *Roberto v. Dep't of the Navy*, 440 F.3d

1341, 1350 (Fed. Cir. 2006) (citing *Wronke v. Marsh*, 787 F.2d 1569, 1574 (Fed. Cir.

1986)).  "When construing a regulation or statute, it is appropriate first to examine the

regulatory language itself to determine its plain meaning."  *Id.* (citing *Meeks v. West*,

216 F.3d 1363, 1366 (Fed. Cir. 2000)).  "If regulatory language is clear and

unambiguous, the inquiry ends with the plain meaning"; if a regulation is "silent or

ambiguous," the court "gives deference to the agency's own interpretation."  *Id.* (citing

*Meeks*, 216 F.3d at 1366 (citing *NationsBank of N.C., N.A. v. Variable Annuity Life Ins.*

*Co.*, 513 U.S. 251, 256 (1995) ("It is settled that courts should give great weight to any

reasonable construction of a regulatory statute adopted by the agency charged with the

enforcement of that statute." (citation and quotation marks omitted)))); *c.f., Christopher*

*v. SmithKline Beecham Corp.*, 567 U.S. __ , 132 S. Ct. 2156 (2012)(cautioning that less

deference is due to newly announced interpretations that may result in an "unfair

surprise" to regulated entities).

   The phrase, "the merchandise has been presented for customs

examination," in 19 U.S.C. § 1499(c)(5) and its counterpart, "presentation of

merchandise for Customs examination," in 19 C.F.R. § 151.16(b) are ambiguous.  Only

the term "merchandise" is statutorily defined.[8]  To discern the meaning of "presented,"

"presentation," and "examination," the court must turn elsewhere.  When a word is

undefined in a statute, "the reviewing court normally give[s] the undefined term its

ordinary meaning."  *AK Steel Corp. v. United States*, 226 F.3d 1361, 1371 (Fed. Cir.

2000) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  The dictionary defines

"present" as "to lay or put before a person for acceptance," Webster's Third New

International Dictionary 1793 (1986), "presentation" as "the act of presenting," *id.*,

"examination" as "the act or process of examining or state of being examined," *id.* at

790, and "examine" as "to look over : inspect visually or by use of other senses," *id.*

The ordinary meaning of presenting merchandise for customs examination therefore

requires that the merchandise itself – not a proxy or summary – be laid out or put before

a Customs official to look at or otherwise visually inspect.

   Customs interpretation of the regulation meets this ordinary meaning

interpretation.  By treating the date when (1) the last requested container arrives at a

---

[8] "The word 'merchandise' means goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited, and monetary instruments as defined in section 5312 of Title 31."  19 U.S.C. § 1401(c).

CES and is unloaded and (2) Customs has the relevant explanatory documents, as the

date on which merchandise is presented for examination, Customs ensures that the

actual merchandise and relevant accompanying information are before its officials so

that an examination may proceed.  Because Customs interpretation of the regulation is

consistent with its ordinary meaning and the record before the court does not suggest

that this is a recent or recently altered interpretation of this regulation (*See, e.g.*, Dodge

Decl. ¶ 15, Apr. 2, 2014), the court's inquiry need go no further.  *See Roberto*, 440 F.3d

at 1350.

   Plaintiff's interpretation, on the other hand, contravenes the statute and

regulation's ordinary meaning.  The filing of a CF 3461, which contains information

about merchandise, may occur before that merchandise reaches its port of destination.

*See* 19 C.F.R. § 142.2(b).  Treating the date of filing of the CF 3461 as the date when

merchandise is presented for customs examination would frequently start the thirty-day

period Customs has to examine merchandise long before the merchandise physically

reaches the United States and the agency's jurisdiction.  The presentment of

merchandise for customs examination, which requires the presence of the merchandise

before a Customs official for inspection, thus is not accomplished upon the filing of the

form.  When the regulation provides that "[m]ere presentation to the examining officer of

a cargo van, container or instrument of international traffic in which the merchandise to

be examined is contained will not be considered to be presentation of merchandise for

Customs examination," it defies credulity to suggest that presentation of a mere form,

with even less access to the actual merchandise, must be treated as presentation.[9]  To

that end, the court cannot conclude that Congress, or Customs in drafting its own

regulation, intended Customs to inspect merchandise lodged inside of stacked

containers at sea.  (*See, e.g.*, Dodge Decl. ¶ 4, Apr. 2, 2014.) [10]

Having addressed the legal issues regarding the beginning of the thirty-

day period leading to deemed exclusion, the court now turns to the question of when

Customs effects a seizure.  In their briefs, the parties assume that the date of seizure

asserted by Customs in its seizure notices marks the time at which the court considers

the entries seized.  However, this Court has held that "an internal agency decision to

proceed with seizure, which did not ripen into a notice to the importer" cannot affect the

---

[9] Buttressing the court's conclusion, when the House Committee on Ways and Means reported on the changes to 19 U.S.C. § 1499 accompanying the passage of the North American Free Trade Agreement Implementation Act, it noted:

> In the case of remote filing of paper documentation after January 1, 1999, Customs shall be responsible for ensuring that the required information — including CF 3461, packing list, and the invoice — will be available to the appropriate official in the port of examination.  The Committee intends that the absence of required entry of manifest information in a particular location shall not preclude or limit in any way the authority of the Customs Service to conduct examinations.

H.R. Rep. No. 103-361, at 110 (1993), *reprinted in* 1993 U.S.C.C.A.N. 2552, 2660. From this statement, it is evident that the absence of a CF 3461 would not hinder Customs authority to examine imported merchandise pursuant to § 1499.  Because merchandise must be presented to Customs prior to examination, the filing of a CF 3461 cannot constitute presentment.

[10] Moreover, the court is not convinced by Plaintiff's argument that the form must constitute presentment because every entry must be presented even if it is not examined.  Contrary to the premise of Plaintiff's argument, Customs regulations provide that presentation of a CF 3461 is not required in all cases.  *See* 19 C.F.R. § 142.3(b)(1).

Court's jurisdiction.  *CBB Grp., Inc. v. United States*, 35 CIT __, __, 783 F. Supp. 2d

1248, 1255 n.3 (2011) (citing 19 C.F.R. § 162.31).  In that case, the court declined to

rely on the date Customs asserted that seizure occurred and, instead, utilized the date

of the Notice of Seizure.  However, case law appears unsettled on whether the court

should consider the date that Customs issued a Notice of Seizure or the date a party

received the Notice of Seizure to determine whether an entry was deemed excluded

prior to seizure.  *See id.* at __, 783 F. Supp. 2d at 1255 & n.3; *H  & H Wholesale Servs.,*

*Inc.*, 30 CIT at 694, 437 F. Supp. 2d at 1342; *Tempco Mktg. v. United States*, 21 CIT

191, 193, 957 F. Supp. 1276, 1278 (1997).  The court need not resolve this issue.  As

illustrated below, even using the earlier dates upon which Customs issued the Notices

of Seizure, such dates are uniformly more than thirty days after the date the

merchandise was presented for examination.

　　　　　After a thorough examination of the record before it, the court determines

that the entries were presented to Customs for examination, and the entries' respective

Notices of Seizure were issued, on the following dates:

| Entry Number | Date Merchandise Presented for Examination | Notice of Seizure Issuance Date |
| --- | --- | --- |
| 682-2164003-7 | 11/19/2013 | 1/9/2014 |
| 682-2164001-1 | 11/13/2013 | 1/9/2014 |
| 682-2164002-9 | 11/20/2013 | 1/9/2014 |
| 682-2164004-5 | 11/13/2013 | 12/20/2013 |
| 682-2163998-9 | 11/13/2013 | 12/20/2013 |
| 682-2164100-1 | 11/21/2013 | 1/16/2014 |

| Entry Number | Date Merchandise Presented for Examination | Notice of Seizure Issuance Date |
|---|---|---|
| 682-2164099-5 | 11/20/2013 | 1/16/2014 |
| 682-2163970-8 | 12/6/2013 | 1/16/2014 |

(*See* Def.'s Mot. 8-9, Ex. 1; Def.'s Reply Ex. 1; Pl.'s Mot. Expedite Ex. B; *see also* Dodge Decl. ¶¶ 6-9 (explaining preparation of CES logs), 10-11 (discussing use of CF 3461), 13 (explaining relationship between CES log sheets and CF 3461).)  Appraising this data under Customs construction of the regulation, the court concludes that Customs seized each entry more than thirty days after presentation and that, therefore, each entry was deemed excluded prior to seizure.

## II.   Seized Entries

### a.  Defendant's Contentions

Defendant asserts that the court lacks subject matter jurisdiction over Plaintiff's entries pursuant to 28 U.S.C. § 1356, because Customs seized them prior to the filing of this action.  (Def.'s Mot. 9-12.)  Section 1356 reads as follows:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1356.[11]  According to Defendant, once Customs seized the entries, subject matter jurisdiction over them fell within the exclusive purview of the district courts.

---

[11] Section 1582 concerns actions commenced by the United States and, therefore, is inapplicable to this case.  *See* 28 U.S.C. § 1582.

### b.  Plaintiff's Contentions

Plaintiff counters that the court has subject matter jurisdiction over the seized entries because they were deemed excluded, and "the question of whether denial of a protest against exclusion is lawful is a matter solely within the jurisdiction of the CIT."  (Pl.'s Opp'n 24.)  Plaintiff stresses that it "only challenges the exclusions," and not the seizures, and that "[t]he seizures are relevant only insofar as this Court may have to construe the law cited in the Seizure Notices to determine whether, and to what extent, they limit the court's ability to grant comprehensive relief under its 29 [sic] U.S.C. § 1581(a) protest jurisdiction."  (Pl.'s Opp'n 25 n.11; *see* Pl.'s Opp'n 27.)  Plaintiff warns that if the court permits the seizures to divest it of jurisdiction, the agency could evade the court's oversight of exclusion protest denials by issuing Notices of Seizure on any legal ground.  (Pl.'s Opp'n 26.)

Plaintiff also avers that if the court reviews the Notices of Seizure, it will find that they substantively allege a violation of 19 U.S.C. § 1592 and that the seizures amount to an impermissible use of Customs seizure power under subsection (c)(14) of that statute.[12]  (Pl.'s Opp'n 28.)  Specifically, Plaintiff notes that the Notices of Seizure

---

[12] That subsection states:

If the Secretary has reasonable cause to believe that a person has violated the provisions of subsection (a) of this section and that such person is insolvent or beyond the jurisdiction of the United States or that seizure is otherwise essential to protect the revenue of the United States or to prevent the introduction of prohibited or restricted merchandise into the customs territory of the United States, then such merchandise may be seized and, upon assessment of a monetary penalty, forfeited unless the

assert violations of 19 U.S.C. §§ 1481, 1484, and 1485, statutes which Plaintiff

characterizes as "inextricably tied to" § 1592.  (Pl.'s Opp'n 34 (emphasis removed)

(citations and quotation marks omitted).)  Plaintiff argues that because subject matter

jurisdiction over § 1592 seizures must lie within this Court's purview, the court must

exercise jurisdiction over its entries.  (Pl.'s Opp'n 29-30 ("The Court has a duty to

construe the Notices of Seizure based on their content and to determine whether the

laws claimed to be violated relate to 'clandestine introduction' or simply make out a case

of entry by means of false documents, in violation of 19 U.S.C. § 1592(a).").).[13]

### c.  Analysis

The court finds that this case is a seizure case at its heart.  "It is well

established . . . that the court lacks jurisdiction under § 1581(a) to review a seizure of

_____

monetary penalty is paid within the time specified by law. Within a
reasonable time after any such seizure is made, the Secretary shall issue
to the person concerned a written statement containing the reasons for the
seizure. After seizure of merchandise under this subsection, the Secretary
may, in the case of restricted merchandise, and shall, in the case of any
other merchandise (other than prohibited merchandise), return such
merchandise upon the deposit of security not to exceed the maximum
monetary penalty which may be assessed under subsection (c) of this
section.

19 U.S.C. § 1592(c)(14).

[13] As a continuation of its jurisdictional argument, Plaintiff asserts that Customs
improperly seized its entries pursuant to 19 U.S.C. § 1595a(c), because the Notices of
Seizure do not meet the standards for pleading or proving a seizure claim under the
statute.  (*See* Pl.'s Opp'n 30-33 (citing *United States v. Davis*, 648 F.3d 84, 87, 90 (2d
Cir. 2011); *United States v. Broadening-Info. Enters., Inc.*, 462 F. App'x 93 (2d Cir.
2012)); *see also* Pl.'s Opp'n 36-39 (examining merits of Customs purported § 1592
seizure).)  From context, it also appears that Plaintiff believes that these defects
demonstrate that Customs actually seized the entries under 19 U.S.C. § 1592.  Plaintiff
provides no legal support for its contention that Notices of Seizure must meet judicial
standards of pleading or proof.

goods by Customs.  If Customs's treatment of the merchandise was a seizure . . .

jurisdiction would lie with the United States District Court . . . under 28 U.S.C. § 1356."

*H & H Wholesale Servs., Inc.*, 30 CIT at 692, 437 F. Supp. 2d at 1340 (second and third

ellipses in original) (citation and quotation marks omitted); *accord PRP Trading Corp. v.*

*United States*, 36 CIT __, __, 885 F. Supp. 2d 1312, 1314 (2012).  In this case,

Customs uniformly seized the imported merchandise, and provided notice of that

seizure, within sixty days of the presentation for examination of that merchandise.

Significantly, these seizures occurred prior to Plaintiff's effort to invoke this court's

jurisdiction pursuant to § 1581(a) and, in the case of five of the eight entries, they

occurred prior to the denial of Plaintiff's protests regarding the deemed exclusions of the

merchandise, pursuant to 19 U.S.C. § 1499(c)(5)(A) and (B).

        The facts in this case are distinct in significant ways from the facts

presented to the court in *CBB Group, Inc. v. United States*, 35 CIT __, 783 F. Supp. 2d

1248.  In *CBB*, the court was presented with a deemed exclusion, followed by a deemed

denial of a protest, in which the imported merchandise was not seized until after the

importer had challenged in this court the denial of the protest. In finding that the court

retained jurisdiction over the case notwithstanding the seizure, the court analyzed how

sections 499(c), 19 U.S.C. § 1499(c), and 596(c), 19 U.S.C. § 1595a(c), of the Tariff Act

of 1930, interact.  With regard to 19 U.S.C. § 1499(c), the *CBB* court said:

> Section 499(c) was added to the Tariff Act by the Customs Modernization
> Act, which was included as Title VI of the North American Free Trade
> Agreement Implementation Act, Pub. L. No. 103-182, 107 Stat. 2057,
> 2171. As explained in the report of the House Committee on Ways and
> Means accompanying the Customs Modernization Act ("House Report"),
> the purpose of section 499(c) is to "provide a carefully balanced structure

which allows the Customs Service, in the first instance, a minimum of 60
days in which to determine whether merchandise initially detained shall be
excluded from entry or seized and forfeited if otherwise authorized under
other provisions of law." H.R. Rep. No. 103-361, pt. 1, at 111-12 (1993),
*as reprinted in* 1993 U.S.C.C.A.N. 2552, 2659 ("House Rept."). It is
apparent that the House Report, in mentioning a "minimum" of 60 days,
refers to the period following presentation of the merchandise for
examination as established by paragraph (A) of section 499(c)(5), which is
thirty days "or such longer period if specifically authorized by law,"
together with the thirty-day period following the filing of the protest as
established by paragraph (B) of the provision.

35 CIT at __, 783 F. Supp. 2d at 1253.  The court found that Customs had failed to

make an admissibility or seizure determination within the sixty-day period during which it

could examine the merchandise.  Therefore, when Customs issued a notice of seizure

after the sixty-day period had lapsed, and after the court's jurisdiction had attached to

the plaintiff's claim, the court had to determine the effect the issuance of the seizure

notice on its ability to grant relief.  *Id.* at __, 783 F. Supp. 2d at 1254-56.  The court

concluded that it retained jurisdiction over the claim because Customs lacked the

authority to take action affecting the status of the merchandise once the court had

established its jurisdiction.  *Id.* at __, 783 F. Supp. 2d at 1256.  In the present case, the

court faces no such scenario, because Customs seized the entries within the sixty-day

period and before Plaintiff filed suit.  Thus, Customs retained the authority to take action

through seizure when it did so with regard to the eight entries at issue here.

Moreover, to determine whether a plaintiff has challenged a seizure, as

opposed to an exclusion, the Court has considered various factors, including whether:

1) the plaintiff's protest indicated that it was challenging the "seizure" of
the merchandise; 2) the plaintiff received a notice of seizure from
Customs; 3) the government had control over the merchandise; and 4)

> upon notice, the plaintiff was required to choose between immediate
> forfeiture proceedings or a petition for relief from seizure.

*H & H Wholesale Servs., Inc.*, 30 CIT at 694, 437 F. Supp. 2d at 1341 (citations

omitted); *Tempco Mktg.*, 21 CIT at 193, 957 F. Supp. at 1278 (citation omitted).  With

respect to the first factor, Plaintiff's protest ambiguously challenges Customs alleged

exclusion of Plaintiff's merchandise, claiming that "there is no basis in law for the

seizure of these goods."  (Pl.'s Mot. Expedite Ex. A at 3.)  Next, the record shows that

Plaintiff received Notices of Seizure from Customs for each entry.  (Pl.'s Mot. Expedite

Ex. B.)  It is also undisputed that Customs has control over the merchandise.  Finally,

the Notices of Seizure required Plaintiff to choose between immediate forfeiture

proceedings and a petition for relief from seizure.  (*See* Pl.'s Mot. Expedite Ex. B.)

Three, if not four, of the factors suggest that Plaintiff's case is really concerned with

seizure rather than exclusion.  Bolstering this conclusion, this Court repeatedly has

found subject matter jurisdiction wanting in cases, such as this one, where Customs

seized a plaintiff's entries prior to the plaintiff's filing suit in this Court.  *See, e.g.*, *PRP*

*Trading Corp.*, 36 CIT __, 885 F. Supp. 2d 1312; *H & H Wholesale Servs., Inc.*, 30 CIT

689, 437 F. Supp. 2d 1335; *Genii Trading Co. v. United States*, 21 CIT 195 (1997);

*Tempco Mktg.*, 21 CIT 191, 957 F. Supp. 1276; *Int'l Maven, Inc. v. McCauley*, 12 CIT

55, 678 F. Supp. 300 (1988).  *But see CBB Grp., Inc. v. United States*, 35 CIT __, 783

F. Supp. 2d 1248 (holding that court had jurisdiction over excluded and seized entries,

because Customs seized entries after plaintiff had filed suit and this Court's jurisdiction

had attached).

In addition, the court finds Plaintiff's contention that the court must

exercise subject matter jurisdiction over this case because Customs seized Plaintiff's

merchandise pursuant to 19 U.S.C. § 1592 unavailing.  Plaintiff asks the court to

disregard the Notices of Seizure, which state on their face that Customs seized the

merchandise pursuant to 19 U.S.C. § 1595a(a) and (c)(1)(A), examine the underlying

legality behind the seizures, and find that Customs, in fact, seized the entries under

§ 1592.  According to Plaintiff, the grounds upon which Customs justified its seizures

are "inextricably" bound to § 1592, and this court must exercise subject matter

jurisdiction over actions arising from that statute.  It is well established that "'Congress

did not commit to the Court of International Trade's exclusive jurisdiction *every* suit

against the Government challenging customs-related laws and regulations.'"  *H & H*

*Wholesale Servs., Inc.*, 30 CIT at 700, 437 F. Supp. 2d at 1347 (quoting *Kmart Corp. v.*

*Cartier, Inc.*, 485 U.S. 176, 188 (1988)).  The one exception to the jurisdictional bar

precluding this court from hearing seizure cases is inapposite.  *See* 28 U.S.C. §§ 1356,

1582.  Plaintiff essentially asks the court to reach the merits of its case and evaluate the

legality of Customs seizure notices in order to discern whether the court has subject

matter jurisdiction to hear the case.  This the court cannot do.  *See Diggs v. Dep't of*

*Housing & Urban Dev.*, 670 F.3d 1353, 1355 (Fed. Cir. 2011) (citations omitted).

The court therefore concludes that, at its heart, this case challenges

Customs seizures of Plaintiff's merchandise.  It is the court's understanding that, to

date, Plaintiff has not yet elected a remedy as provided in the Notices of Seizure and,

among its options, pursuant to 28 U.S.C. § 1356, Plaintiff may choose to contest the

seizures in district court.  While this finding clearly dictates that Plaintiff must find its

judicial remedy for the seizure, if any, in district court, it does not completely dispose of

the matter before the court.  As already discussed, the eight entries in question were

deemed excluded prior to being seized by Customs.  While the seizures were not

implicated by Plaintiff's invocation of this court's jurisdiction, *c.f. CBB*, 35 CIT __, 783 F.

Supp. 2d 1248, it is not clear that the seizures negate the deemed exclusion.

       Defendant has suggested that, if Plaintiff prevails on its arguments against

the seizures and obtains release of its seized merchandise, Plaintiff will have the

opportunity to file new documents if it wishes to enter the merchandise into the United

States for consumption.  *See* Def.'s Mot. Ex. 2 (Customs Public Bulletin regarding

submission and processing of entries for seized merchandise at Port of Los

Angeles/Long Beach).  While such an opportunity to file new entry documents may exist

when Customs has administratively resolved a seizure prior to an exclusion, Defendant

has not provided any argument that such administrative practices can trump the finality

of a deemed exclusion or denied protest pursuant to 19 U.S.C § 1514(a), in the

absence of judicial intervention by this court.

       For these reasons, the court finds that only this Court can provide judicial

relief to Plaintiff from the denial of the protest; however, only the district court can

provide judicial relief to Plaintiff from the seizure of the merchandise.  Because the court

finds that this case is, at its heart, a seizure case, the court finds that it is in the sound

interest of judicial economy to stay this proceeding, pending Plaintiff's election of

remedies pursuant to the Notices of Seizure and any administrative and/or judicial proceedings resulting from that election.[14]

### III.   Plaintiff's Motion for a Preliminary Injunction

Pending before the court is Plaintiff's motion for a preliminary injunction. (ECF No. 17.)  Plaintiff moves the court to issue an order enjoining Defendant "from initiating or conducting, during the pendency of this action, administrative summary forfeiture proceedings with respect to the merchandise which is the subject matter of this action."  (Mem. P.&A. Supp. Pl.'s Mot. Prelim. Inj. ("Pl.'s PI Mot.") 1.)

To prevail on a motion for a preliminary injunction, a movant must establish that "(1) the movant is likely to succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips [in] movant's favor, and (4) an injunction is in the public interest."  *Wind Tower Trade Coalition v. United States*, 37 CIT __, __, 904 F. Supp. 2d 1349, 1352 (2013) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010)), *aff'd*, 741  F.3d 89 (Fed. Cir. 2014).

Plaintiff does not meet these criteria.  The court has found that it lacks subject matter jurisdiction over Plaintiff's claims as they relate to Customs seizure of its merchandise.  Any relief that Plaintiff may seek with respect to its seized merchandise must begin with Plaintiff's election of remedies provided in the Notices of Seizure.  As

---

[14] Because the court is staying this proceeding, Defendant's Rule 12(b)(5) arguments are moot.

such, the court cannot find that Plaintiff is likely to suffer irreparable harm in the

absence of an order enjoining Customs from commencing or conducting administrative

forfeiture proceedings during the pendency of this action.  It is, in fact, these very

proceedings which may provide Plaintiff with the relief it seeks.  Plaintiff therefore has

not established the elements needed to secure a preliminary injunction, *see id.*, and its

motion is denied.

### CONCLUSION AND ORDER

For the reasons provided above, the court hereby **DENIES** Defendant's

motion to dismiss.  It finds that it has subject matter jurisdiction over Plaintiff's challenge

to the denial of its protest; however, because this case is a seizure case at heart, the

court **STAYS** further proceedings pending Plaintiff's election of remedies pursuant to

the Notice of Seizure and any administrative and/or judicial proceedings resulting from

that election.  Parties are **ORDERED** to file a status report within thirty days of the

completion of any administrative proceeding pursuant to the election of remedies or any

subsequent or alternate judicial proceeding resulting from the election of remedies.  In

addition, the court **DENIES** Plaintiff's motion for a preliminary injunction; **DENIES**

Plaintiff's order to show cause why an expedited litigation schedule should not be

issued as moot; **DENIES** Plaintiff's motion for oral argument as moot; and **DENIES**

Defendant's motion to strike as moot.


                                        /s/   Mark A. Barnett
                                          Mark A. Barnett
Dated:  May 21, 2014                          Judge
        New York, New York